IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JANET HEWLETT, )<br>)<br>Defendant. )<br>_____) | Case No. 1:18-cv-118 |

## COMPLAINT

Plaintiff, United States of America, pursuant to 26 U.S.C. Section 7401, at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this Complaint against Defendant Janet Hewlett, in her individual capacity and states as follows:

## NATURE OF ACTION

1.      This is a civil action brought by the United States of America pursuant to Sections 7401 and 7402 of the Internal Revenue Code of 1986, as amended (26 U.S.C.) ("the Code"), to reduce to judgment federal tax liabilities assessed against Janet Hewlett.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 26 U.S.C. Section 7402 of the Code and 28 U.S.C. Sections 1340 and 1345.

3.      Venue of this action properly lies in this district pursuant to 28 U.S.C. Sections 1391(b) and 1396.

## THE PARTIES

3.      Plaintiff is the United States of America.

4.      Defendant, Janet Hewlett, is the taxpayer in this action and can be served at her residence in Georgetown, Texas.

## THE TAX LIABILITY

5.      A delegate of the Secretary of the Treasury assessed against, and gave notice and demand to Janet Hewlett for unpaid individual income taxes, penalties, statutory additions, and interest for the years 2001 through 2015.  The table below shows the type of tax, the tax period, the assessment date, and the amount due through August 7, 2017.

| TYPE OF TAX | TAX PERIOD | DATE OF ASSESSMENT | AMOUNT DUE THROUGH August 7, 2017 |
|---|---|---|---|
| 1040 | 2001 | 01/6/2003 | $8,221.08 |
| 1040 | 2002 | 11/17/2003 | $13,949.11 |
| 1040 | 2003 | 07/19/2004 | $15,007.39 |
| 1040 | 2004 | 11/07/2005 | $15,882.81 |
| 1040 | 2005 | 10/09/2006 | $47,713.09 |
| 1040 | 2006 | 09/03/2007 | $18,518.51 |
| 1040 | 2007 | 11/03/2008 | $24,957.82 |
| 1040 | 2008 | 03/29/2010 | $11,816.24 |
| 1040 | 2009 | 05/31/2010 | $15,612.94 |
| 1040 | 2010 | 11/21/2011 | $37,477.80 |
| 1040 | 2011 | 11/19/2012 | $11,546.37 |
| 1040 | 2012 | 11/18/2013 | $16,361.64 |
| 1040 | 2013 | 06/02/2014 | $18,488.54 |
| 1040 | 2014 | 02/15/2016 | $20,604.99 |

| TYPE OF TAX | TAX PERIOD | DATE OF ASSESSMENT | AMOUNT DUE THROUGH August 7, 2017 |
|---|---|---|---|
| 1040 | 2015 | 05/15/2017 | $10,752.66 |
| | TOTAL | $ 286,870.99 | |

6.     Proper notice of and demand for payment of the assessments referred to above was mailed to Janet Hewlett on or about the date of the assessments.

7.     The liabilities listed in paragraph five above for individual income tax liability are based on tax returns that were voluntarily filed by Defendant Janet Hewlett.

**REDUCE ASSESSMENTS TO JUDGMENT**

8.     As of August 7, 2017, Defendant Janet Hewlett owes the United States $286,870.99 of unpaid federal income taxes, penalties, and interest for tax years 2001 through 2015.  She also owes all interest and penalties that accrue from August 7, 2017, until the tax liabilities are paid.

**AFFIRMATIVE ALLEGATIONS THAT THE
STATUTE OF LIMITATIONS FOR COLLECTION HAS NOT EXPIRED**

**For Tax Period 2005**

9.     I.R.C. § 6502(a) provides that the statute of limitations for collection expires ten (10) years after the date of assessment.  On October 9, 2006, the Internal Revenue Service (IRS) made assessments against Janet Hewlett for her unpaid income taxes for tax period 2005.  The ten-year statute of limitations period for collection of the assessment for tax period 2005 would have expired on October 9, 2016, absent tolling of the statute.  Thus, without any extensions or suspensions, the earliest the normal statute of limitations for collection would have expired was October 9, 2016.

10.     However, under 26 U.S.C. § 6503(a)(1), the statute of limitations for collection is suspended anytime the IRS is unable collect the tax by levy or proceeding in Court.   The statute of limitations for collection is further extended by an additional 6 months for cases under title 11 of the United States Code.  26 U.S.C. § 6503(h).  A bankruptcy proceeding filed by Janet Hewlett prohibited the IRS from collection due to the automatic stay.   Janet Hewlett filed the previous Chapter 13 bankruptcy proceeding as follows:

| Case No. | Petition Date | Date of Dismissal | IRS Unable to Collect |
|----------|---------------|-------------------|----------------------|
| 08-11621 | 08/29/2008 | 02/10/2009 | 5 months, 12 days |

11.     Accordingly, Janet Hewlett's Chapter 13 bankruptcy Case No. 08-11621 extended the statute of limitations for collection for income taxes for tax period 2005 by 5 months, 12 days, plus 6 months.

12.     Thus, the statute of limitations for collection regarding tax period 2005 income tax assessments against Janet Hewlett will not expire until on or about September 21, 2017.  This date is calculated as follows:

| | |
|---|---|
| Original assessment: | October 9, 2006 |
| plus 10 years on original collection statute: | October 9, 2016 |
| plus 5 months, 12 days due to Chapter 13 | March 21, 2016 |
| plus 6 months days due to Chapter 13 per § 6503(h)(2) | September 21, 2017 |

13.     Accordingly, the statute of limitations for collection for the income taxes owed for tax period 2005 at issue has not run.

**For Tax Period 2004**

14.     The statute of limitations for collection has not run for the income taxes assessed for tax period 2004.  On November 7, 2005, the IRS made assessments against Janet Hewlett for her unpaid income taxes for 2004.  The ten-year statute of limitations period for collection of the assessment for tax period 2004 would have expired on November 7, 2015.  Thus, without any

4

extensions or suspensions, the earliest the normal statute of limitations for collection would have expired was November 7, 2015.

15.     As discussed above, under 26 U.S.C. § 6503(a)(1), the statute of limitations for collection is suspended anytime the IRS is unable collect the tax by levy or proceeding in Court. The statute of limitations for collection is further extended by an additional 6 months for cases under title 11 of the United States Code.  26 U.S.C. § 6503(h).

16.     Janet Hewlett's Chapter 13 proceeding 08-11621 prohibited the IRS from collection for tax period 2004 due to the automatic stay.  Accordingly, Janet Hewlett's Chapter 13 bankruptcy Case No. 08-11621 extended the statute of limitations for collection for tax period 2004 by 5 months, 12 days, plus 6 months.

17.     In addition, an Offer in Compromise prohibits the IRS from collecting the tax by levy or proceeding in court while the Offer in Compromise is pending, and thus, suspends the running of the ten (10) year statute of limitations.  *See* Treasury Reg. 301.7122-1(g)(1); 26 U.S.C. § 6331(i)(5) & (k)(1)(A).  If an Offer in Compromise is rejected by the IRS, the statute of limitations for collection is also suspended for an additional 30 days.  26 U.S.C. § 6331(i)(5) & (k)(1)(B).

18.     Defendant Janet Hewlett submitted an Offer in Compromise Form 656 to the IRS in an effort to compromise her income taxes owed for tax periods 2001 through 2009.  Her Offer in Compromise was accepted as processable by the IRS on November 23, 2010, and was rejected on January 20, 2012.  Consequently, this Offer in Compromise extended the statute of limitations for collection of the income taxes owed for tax periods 2001 through 2009 by 423 days, plus an additional 30 days.

19.     In addition, an Installment Agreement prohibits the IRS from collecting the tax by levy or proceeding in court while the Installment Agreement is pending, and thus, suspends the running of the ten (10) year statute of limitations.  *See* 26 U.S.C. § 6331(i)(5) & (k)(2)(A); Treasury Reg. 301.6331-4(a)(2).  If an Installment Agreement is rejected by the IRS, the statute of

limitations for collection is also suspended for an additional 30 days.  26 U.S.C. § 6331(i)(5) &

(k)(2)(B).

20.     Defendant Janet Hewlett submitted an Installment Agreement to the IRS for tax

periods 2001 through 2014.  Her Installment Agreement was accepted as processable by the IRS

on December 3, 2015, and was rejected on December 7, 2015.  Consequently, this Installment

Agreement extended the statute of limitations for collection of the income taxes owed for tax

periods 2001 through 2009 by 5 days, plus an additional 30 days.

21.     Thus, the statute of limitations for collection regarding tax period 2004 income

tax assessments against Janet Hewlett will not expire until on or about February 19, 2018.  This

date is calculated as follows:

| | |
|---|---|
| Original assessment: | November 7, 2005 |
| plus 10 years on original collection statute: | November 7, 2015 |
| plus 5 months, 12 days due to Chapter 13 | April 19, 2016 |
| plus 6 months days due to Chapter 13 per § 6503(h)(2) | October 19, 2016 |
| plus 423 days for Offer in Compromise per § 6331(k)(1) | December 16, 2017 |
| plus 30 days due to Offer in Compromise per § 6331(k)(1)(B) | January 15, 2018 |
| plus 5 days for Installment Agreement per § 6331(k)(2) | January 20, 2018 |
| plus 30 days due to Installment Agreement per § 6331(k)(2)(B) | February 19, 2018 |

22.     Accordingly, the statute of limitations for collection for the income taxes owed

for tax period 2004 at issue has not run.

**For Tax Period 2002 and 2003**

23.     The statute of limitations for collection has not run for the income taxes assessed

for tax period 2002.  On November 17, 2003, the IRS made assessments against Janet Hewlett for

her unpaid income taxes for 2002.  The ten-year statute of limitations period for collection of the

assessment for tax period 2002 would have expired on November 17, 2013.  Thus, without any

extensions or suspensions, the earliest the normal statute of limitations for collection would have

expired was November 17, 2013.

24.     As discussed above, under 26 U.S.C. § 6503(a)(1), the statute of limitations for collection is suspended anytime the IRS is unable collect the tax by levy or proceeding in Court, and is further extended by an additional 6 months for cases under title 11 of the United States Code.  26 U.S.C. § 6503(h).  Janet Hewlett filed the previous Chapter 13 bankruptcy proceedings as follows:

| Case No. | Petition Date | Date of Dismissal | IRS Unable to Collect |
|----------|---------------|-------------------|------------------------|
| 04-10252 | 01/12/2004 | 10/18/2004 | 9 months, 6 days |
| 05-10492 | 01/31/2005 | 04/11/2005 | 2 months, 11 days |
| 08-11621 | 08/29/2008 | 02/10/2009 | 5 months, 12 days |

25.     Accordingly, Janet Hewlett's Chapter 13 bankruptcy Case No. No. 04-10252 extended the statute of limitations for collection for income taxes for tax period 2002 by 9 months, 6 days plus 6 months; her Chapter 13 Case No. 05-10492 extended the statute of limitations for collection for income taxes for tax period 2002 by 2 months, 11 days; and her Chapter 13 Case 08-11621 extended the statute of limitations for collection for income taxes for tax period 2002 by 5 months, 12 days, plus 6 months.

26.     In addition, as discussed above, an Installment Agreement prohibits the IRS from collecting the tax by levy or proceeding in court while the Installment Agreement is in effect, and thus, suspends the running of the ten (10) year statute of limitations.  *See* 26 U.S.C. § 6331(i)(5) & (k)(2)(C); Treasury Reg. 301.6331-4(a)(2).  If an Installment Agreement is terminated by the IRS, the statute of limitations for collection is also suspended for an additional 30 days.  26 U.S.C. § 6331(i)(5) & (k)(2)(D).

27.     Defendant Janet Hewlett submitted an Installment Agreement to the IRS for tax periods 2001 through 2003.  Her Installment Agreement went into effect on July 13, 2005, and was terminated on March 27, 2006.  Consequently, this Installment Agreement extended the

statute of limitations for collection of the income taxes owed for tax periods 2001 through 2003 by 257 days, plus an additional 30 days.

28.     As discussed above, Defendant Janet Hewlett submitted a second Installment Agreement to the IRS for tax periods 2001 through 2014.  Her Installment Agreement was accepted as processable by the IRS on December 3, 2015, and was rejected on December 7, 2015. Consequently, this Installment Agreement extended the statute of limitations for collection of the income taxes owed for tax periods 2001 through 2009 by 5 days, plus an additional 30 days.

29.     In addition, as discussed above an Offer in Compromise prohibits the IRS from collecting the tax by levy or proceeding in court while the Offer in Compromise is pending, and thus, suspends the running of the ten (10) year statute of limitations.  *See* Treasury Reg. 301.7122-1(g)(1); 26 U.S.C. § 6331(i)(5) & (k)(1)(A).  If an Offer in Compromise is rejected by the IRS, the statute of limitations for collection is also suspended for an additional 30 days.  26 U.S.C. § 6331(i)(5) & (k)(1)(B).

30.     Defendant Janet Hewlett's Offer in Compromise submitted on November 23, 2010, and rejected on January 20, 2012, extended the statute of limitations for collection of the income taxes owed for tax periods 2001 through 2009 by 423 days, plus an additional 30 days.

31.     Thus, the statute of limitations for collection regarding tax period 2002 income tax assessments against Janet Hewlett will not expire until on or about November 30, 2018.  This date is calculated as follows:

| | |
|---|---|
| Original assessment: | November 17, 2003 |
| plus 10 years on original collection statute: | November 17, 2013 |
| plus 9 months, 6 days due to Chapter 13 (04-10252) | August 23, 2014 |
| plus 6 months days due to Chapter 13 per § 6503(h)(2) | February 23, 2015 |
| plus 2 months, 11 days due to Chapter 13 (05-10492) | May 4, 2015 |
| plus 6 months days due to Chapter 13 per § 6503(h)(2) | November 4, 2015 |
| plus 5 months, 12 days due to Chapter 13 (08-11621) | April 16, 2016 |
| plus 6 months days due to Chapter 13 per § 6503(h)(2) | October 16, 2016 |

8

plus 257 days for Installment Agreement per § 6331(k)(2)         June 30, 2017
plus 30 days due to Installment Agreement per § 6331(k)(2)(D) July 30, 2017
plus 423 days for Offer in Compromise per § 6331(k)(1)          September 26, 2018
plus 30 days due to Offer in Compromise per § 6331(k)(1)(B)   October 26, 2018
plus 5 days for Installment Agreement per § 6331(k)(2)          October 31, 2018
plus 30 days due to Installment Agreement per § 6331(k)(2)(B) November 30, 2018

32.     Accordingly, the statute of limitations for collection for the income taxes owed

for tax period 2002 at issue has not run.

33.     The same extensions of the statute of limitations exist for tax period 2003 as they

do for tax period 2002.  Therefore for the same reasons, the statute of limitations for collection for

the income taxes owed by Janet Hewlett has not run for tax period 2003.

**Tax Period 2001**

34.     The statute of limitations for collection has not run for the income taxes assessed

for tax period 2001.  On January 6, 2003, the IRS made assessments against Janet Hewlett for her

unpaid income taxes for 2001.  The ten-year statute of limitations period for collection of the

assessment for tax period 2001 would have expired on January 6, 2013.  Thus, without any

extensions or suspensions, the earliest the normal statute of limitations for collection would have

expired was January 6, 2013.

35.     As discussed above, under 26 U.S.C. § 6503(a)(1), the statute of limitations for

collection is suspended anytime the IRS is unable collect the tax by levy or proceeding in Court,

and is further extended by an additional 6 months for cases under title 11 of the United States

Code.  26 U.S.C. § 6503(h).  Janet Hewlett filed the previous Chapter 13 bankruptcy proceedings

as follows:

| Case No. | Petition Date | Date of Dismissal | IRS Unable to Collect |
| --- | --- | --- | --- |
| 03-11389 | 04/08/2002 | 12/3/2003 | 10 months, 27 days |
| 04-10252 | 01/12/2004 | 10/18/2004 | 9 months, 6 days |
| 05-10492 | 01/31/2005 | 04/11/2005 | 2 months, 11 days |
| 08-11621 | 08/29/2008 | 02/10/2009 | 5 months, 12 days |

36.     Janet Hewlett's Chapter 13 bankruptcy Case No. 03-11389 extended the statute of limitations for collection for income taxes for tax period 2001 by 10 months, 27 days, because the 2001 period was assessed while this Chapter 13 matter was pending.  Therefore the tolling on collection occurred from the assessment date through the dismissal of the Chapter 13 proceeding.

37.     Additionally, Janet Hewlett's Chapter 13 bankruptcy Case No. 04-10252 extended the statute of limitations for collection for income taxes for tax period 2002 by 9 months, 6 days; her Chapter 13 Case No. 05-10492 extended the statute of limitations for collection for income taxes for tax period 2002 by 2 months, 11 days; and her Chapter 13 Case No. 08-11621 extended the statute of limitations for collection for income taxes for tax period 2002 by 5 months, 12 days, plus 6 months.

38.     In addition, as discussed above, Defendant Janet Hewlett's first submitted an Installment Agreement extended the statute of limitations for collection of the income taxes owed for tax periods 2001 through 2003 by 257 days, plus an additional 30 days.

39.     As discussed above, Defendant Janet Hewlett's second Installment Agreement extended the statute of limitations for collection of the income taxes owed for tax periods 2001 through 2009 by 5 days, plus an additional 30 days.

40.     As discussed above, Defendant Janet Hewlett's Offer in Compromise Form 656 extended the statute of limitations for collection of the income taxes owed for tax periods 2001 through 2009 by 423 days, plus an additional 30 days.

41.     Thus, the statute of limitations for collection regarding tax period 2001 income tax assessments against Janet Hewlett will not expire until on or about June 15, 2019.  This date is calculated as follows:

| | |
|---|---|
| Original assessment: | January 6, 2003 |
| plus 10 years on original collection statute: | January 6, 2013 |
| plus 10 months, 27 days due to Chapter 13 (03-11389) | December 3, 2013 |
| plus 6 months days due to Chapter 13 per § 6503(h)(2) | June 3, 2014 |
| plus 9 months, 6 days due to Chapter 13 (04-10252) | March 9, 2015 |
| plus 6 months days due to Chapter 13 per § 6503(h)(2) | September 9, 2015 |
| plus 2 months, 11 days due to Chapter 13 (05-10492) | November 20, 2015 |

plus 6 months days due to Chapter 13 per § 6503(h)(2)            May 20, 2016
plus 5 months, 12 days due to Chapter 13 (08-11621)             November 1, 2016
plus 6 months days due to Chapter 13 per § 6503(h)(2)            May 1, 2017
plus 257 days for Installment Agreement per § 6331(k)(2)         January 13, 2018
plus 30 days due to Installment Agreement per § 6331(k)(2)(D)    February 12, 2018
plus 423 days for Offer in Compromise per § 6331(k)(1)            April 11, 2019
plus 30 days due to Offer in Compromise per § 6331(k)(1)(B)      May 11, 2019
plus 5 days for Installment Agreement per § 6331(k)(2)           May 16, 2019
plus 30 days due to Installment Agreement per § 6331(k)(2)(B)    June 15, 2019

42.    Accordingly, the statute of limitations for collection for the income taxes owed

for tax period 2001 at issue has not run.

FOR THESE REASONS, the United States requests the Court to Order,

A.    That Defendant Janet Hewlett is indebted to the United States for the amount of

$286,870.99, plus interest from August 7, 2017, as provided by law; and

B.    That the United States have such further relief as this Court may deem just and

proper, including its costs.

Dated:  February 6, 2018.

RICHARD L. DURBIN, JR.
United States Attorney

Moha P. Yepuri
MOHA P. YEPURI
Attorney, Tax Division
Texas State Bar No. 24046651
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
(214) 880-9767
(214) 880-9741 (Facsimile)
Attorney for United States
Moha.P.Yepuri@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
Plaintiff

❏ 3   Federal Question
*(U.S. Government Not a Party)*

❏ 2   U.S. Government
Defendant

❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
Proceeding

❏ 2   Removed from
State Court

❏ 3   Remanded from
Appellate Court

❏ 4   Reinstated or
Reopened

❏ 5   Transferred from
Another District
*(specify)*

❏ 6   Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.